**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DEWEY EDWARDS, Individually and** | § | |
| **On Behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| | § | **CIVIL ACTION NO.: 4:16-cv-2255** |
| *Plaintiff,* | § | |
| | § | **JURY DEMANDED** |
| **v.** | § | |
| | § | |
| **DOORDASH, INC.** | § | |
| | § | |
| *Defendants.* | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

DEWEY EDWARDS ("Plaintiff"), individually and behalf of all others similarly situated, files this lawsuit as a collective action against DOORDASH, INC. ("Defendant") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the following:

### I.   NATURE OF CLAIMS

1.      This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws.  This collective action seeks to recover unpaid wages and other damages owed by Defendant to its current and former DoorDash drivers.  DoorDash has misclassified Plaintiff and others similarly situated as independent contractors and failed to pay Plaintiff and others similarly situated minimum wage in violation of the FLSA.

## II.   JURISDICTION AND VENUE

2.      This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiff(s) transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiff(s) was individually engaged in commerce and his work was essential to the Defendant's business.  Specifically, Plaintiff traveled on interstate highways in the performance of his duties and exclusively used interstate communications to perform his job duties.

## III.   THE PARTIES

1.      Plaintiff, Dewey Edwards is an individual residing in Harris County, Texas. Mr. Edwards is a current employee of Defendant.  Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

2.      Defendant, DoorDash, Inc. is a corporation operating in over 25 markets in the U.S. and Canada.  DoorDash, Inc.'s headquarters is located at 470 Olive Ave., Palo Alto, California 94306

2

and may be served with process through its registered agent, National Registered Agent, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## IV.   FACTS

3.     At all times relevant to this lawsuit, Defendant was, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

4.     At all times relevant to this lawsuit, Defendant was, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

5.     Defendant, DoorDash, Inc. is a food delivery service that allows customers to place food orders, through a mobile phone application or through its website, from various restaurants in the "DoorDash marketplace". DoorDash, Inc. then utilizes its "Dashers" (i.e. delivery drivers) to deliver those food orders to its customer's homes or businesses.

6.     Defendant employed Plaintiff and others similarly situated at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).  Defendant's annual revenues far exceeded $500,000 during the relevant time period.

7.     In performing his duties for Defendant, Plaintiff and others similarly situated were employed in an enterprise engaged in commerce or in the production of goods for commerce. Specifically, Defendant has employees utilizing interstate telephone and broadband communications for the commercial purposes of Defendant's enterprise.  Moreover, Defendant required that Plaintiff regularly travel through the corridors of interstate commerce as they traveled from customer to customer to make deliveries.

8.     Plaintiff and others similarly situated were employed as "Dashers"—delivery drivers that

3

deliver food orders to DoorDash customers.   Plaintiff and other similarly situated are misclassified as independent contractors though DoorDash requires its drivers to wear DoorDash uniforms; DoorDash provides the instrumentality to perform their job; DoorDash instructs drivers on where to pick up orders and make deliveries; and DoorDash requires that drivers sign up for shifts and work in a certain area of the cities for which DoorDash is available.   DoorDash also regulates how drivers handle food orders and the timeliness of deliveries.   Although classified as independent contractors, DoorDash delivery drivers are employees of DoorDash.

9.      Plaintiff and others similarly situated are paid a flat fee for every delivery completed plus gratuity added by the customer.   Often drivers do not make minimum wage for every hour worked during their shifts.   DoorDash does not compensate drivers for the expenses associated with using their own vehicles, cell phone data, car insurance (though a requirement of employment if you use a car to make deliveries), gas, parking, and other expenses.

10.     Upon information and belief, other similarly situated employees are also uniformly paid in a fashion similar to Plaintiff and not compensated for the expenses associated with performing their job duties.

11.     As a matter of economic reality, DoorDash advertises, on the "About Us" section of its website, that "through the DoorDash marketplace, people can purchase goods from local merchants and have them delivered in less than 45 minutes—thanks to our revolutionary logistics technology."   Specifically, DoorDash is in the business of delivering goods to its customers—the very task that drivers are hired to perform.   The work performed by drivers is integral to Defendant's business in that DoorDash simply could not function without its drivers.

12.     Plaintiff and others similarly situated are entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek as required

by 29 U.S.C. § 207.

13.     Defendant did not pay Plaintiff and others similarly situated one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per week.

14.     Defendant violated the FLSA because it did not pay Plaintiff and others similarly situated the overtime pay they should have received for the hours worked in excess of forty (40) in a workweek.  Plaintiff and others similarly situated did not receive minimum wage for hours worked for DoorDash.

15.     As a result, Plaintiff and others similarly situated did not receive compensation they were legally entitled to receive.  The work performed by Plaintiff and others similarly situated was with Defendant's knowledge.  Defendant approved driver's schedules, assigned work and supervised the work.

16.     Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff and similarly situated employees' rights.

### V.     FIRST CAUSE OF ACTION: MINIMUM WAGE AND OVERTIME VIOLATIONS

17.     Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

18.     Plaintiff and others similarly situated were employees of DoorDash, Inc., as set forth above.

19.     As employees of DoorDash, Plaintiff and others similarly situated were legally entitled to be paid at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek. As employees of DoorDash, Plaintiff and others similarly situated were legally entitled to minimum wage.

20.     Defendant failed to pay Plaintiff and others similarly situated at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day

work week in violation of the FLSA 29 U.S.C. § 207.  Defendant failed to pay Plaintiff and others similarly situated minimum wage in violation of the FLSA 28 U.S.C. § 206(a)(1)(C).[1]

21.     As a result, Plaintiff and others similarly situated did not receive the compensation they were legally entitled to receive.

22.     Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff's and other similarly situated employees' rights.

23.     As a result of Defendant's willful violations of the FLSA, Plaintiff and others similarly situated are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI.     SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

24.     Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

25.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. §211(c); 29 C.F.R. pt 516.

26.     In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

## VII.     COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

28.     Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

29.     As set forth above, Plaintiff is aware of other employees who perform similar work for

---

[1] The FLSA was enacted to ensure the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. 28 U.S.C. § 202. To this end, the FLSA requires that employees be compensated at least a regular rate of $7.25 an hour ("minimum wage").  28 U.S.C. § 206(a)(1)(C).

Defendant.

30.     These employees should be notified of this action and given the chance to join pursuant

to 29 U.S.C. § 216 (b).  The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the
> filing of this lawsuit, worked at any business that was owned, operated, and/or
> acquired by Defendant, who were not paid overtime at a rate of one and one-half
> times their regular rate for hours worked in excess of forty (40) per week.

31.     Defendant's practice of not paying employees similarly situated to Plaintiff at one-and-

one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each

seven (7) day workweek is in direct violation of the FLSA.

32.     As a result of Defendant's willful violations of the FLSA, others similarly situated

employees are entitled to reimbursement of unpaid overtime, an additional equal amount as

liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this

action pursuant to 29 U.S.C. § 216(b).

## VIII.   JURY DEMAND

33.     Plaintiff demands a jury on all issues to be tried in this matter.  Plaintiff has submitted the

jury demand and herein submit the jury fee.

## IX.   PRAYER

34.     For the reasons set forth above, Plaintiff respectfully pray that the Defendant be cited to

 appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action
      under the FLSA and directing notice to any and all similarly situated employees;

   b. judgment awarding Plaintiff and similarly situated employees all unpaid overtime
      wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

   c. an award of pre-judgment and post-judgment interest on all amounts awarded at the
      highest rate allowable by law; and

d.  all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,



By: _____

Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Federal ID No. 713316
Attorney-In-Charge
Email Alfonso.Kennard@KennardLaw.com
Keenya  R. Harrold
State Bar No. 24039664
Federal ID No. 897938
Email: keenya.harrold@kennardlaw.com
2603 Augusta Drive, 1450
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
**ATTORNEYS FOR PLAINTIFF**