United States District Court
Southern District of Texas
**ENTERED**
January 19, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEWEY EDWARDS, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2255 |
| DOORDASH, INC., | § § | |
| Defendant. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the court is Plaintiff's Objection and Appeal to Magistrate Judge's December 8, 2016 Memorandum and Recommendations Regarding Defendant Doordash, Inc.'s Motion to Dismiss (And Plaintiff's Motion for Conditional Certification) (Docket Entry No. 57). The court has reviewed the Memorandum and Recommendation, Plaintiff's objection, and Defendant's response.

Pursuant to Federal Rule of Civil Procedure 72, the court must review decisions on nondispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). When the court reviews decisions by the magistrate judge on dispositive motions it is a de novo review. Fed. R. Civ. P. 72(b)(3).

The Fifth Circuit has not directly ruled on the applicable standard for reviewing a magistrate judge's decision on motions to compel arbitration. See Lee v. Plantation of La., L.L.C., 454 Fed. App'x 358, 360 n.3 (5th Cir. 2011)("[W]e need not reach the question

of whether a motion to compel arbitration is a dispositive or non-dispositive motion for purposes of the standard of review by the district judge of the magistrate judge's order."). However, because the present objection to the Magistrate Judge's Memorandum and Recommendation raises only questions of law, whether the review is de novo or "contrary to law" makes no practical difference. See PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010).

Having reviewed the Magistrate Judge's Memorandum and Recommendation and the objection filed thereto, the court is of the opinion that the Memorandum and Recommendation correctly sets out the applicable law. The court also finds that the Memorandum and Recommendation correctly applies the law to the facts of this action.

The Memorandum and Recommendation is hereby **ADOPTED** by this Court. A district court has the discretion to dismiss an action when all of the claims raised in the district court must be submitted to arbitration. Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). Because all Mr. Edward's claims must be arbitrated, there is no reason to retain jurisdiction over his claims and the court will dismiss them in a separate order.

Several other individuals have filed notices of consent to be a plaintiff in this action. Those opt-in plaintiffs must notify the court within fourteen days from the date this order is entered whether they intend to pursue their individual Fair Labor Standards

Act claims in this action. If any opt-in plaintiff so notifies the court and has also signed an agreement to arbitrate, Defendant's motion to compel arbitration must be filed twenty-one days thereafter.

Pending these rulings, no other person may file a consent to proceed as a plaintiff in this action.

Signed at Houston, Texas, this 19th day of January, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE